DAVID H. BROTHERTON *vs.* THE BOARD OF POLICE COMMISSIONERS FOR THE CITY OF BALTIMORE.

*Police Commissioners of Baltimore City not a body corporate, and cannot be sued as such.*

B. sued the Board of Police Commissioners for Baltimore City, to recover damages for injuries sustained by him from falling on ice and snow which had been allowed to accumulate on one of the public streets in said city, and which the plaintiff alleged it was the duty of said commissioners to remove. The defendant demurred to the declaration. HELD:

That the Board of Police Commissioners of Baltimore City was an official body created by the State for the purpose of administering police duty in the city of Baltimore, but had no existence as a body corporate, and could not be sued in that capacity.

APPEAL from the Court of Common Pleas.

The appeal was taken from the ruling of the Court below sustaining the demurrer of the defendants to the plaintiff's declaration. The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, GRASON and MILLER, J.

*Edgar H. Gans* and *John P. Poe,* for the appellants.

*James A. L. McClure* and *Louis H. Powell,* for the appellees.

STEWART, J., delivered the opinion of the Court.

The appellant seeks to recover damages of the Board of Police Commissioners, as a body corporate, for injuries

received by him from falling on ice and snow, which it was the duty of the said Board to have removed.

To the declaration the Board demurred, conceding the facts alleged, but denying its liability to be sued, as a body corporate, for such neglect of duty.

The Court of Common Pleas sustained the demurrer, and there is no difficulty in affirming the correctness of that ruling.

The Board of Police Commissioners is an official body of State officers, created by law for the purpose of administering police duty within the City of Baltimore. Their duties and responsibilities must be found in the statutes constituting the Board.

With the exception of the endowment of a common seal, conferred to facilitate their operations, the laws creating the Board carefully abstain from giving it any other corporate capacity.

If it had been the purpose to constitute the Board a body politic, no doubt all the characteristics of such a corporation would have been conferred.

But it is to be presumed there were good reasons for not so establishing the Board.

In the absence of such express provision, there is no ground of fair construction and no principle of public policy to authorize the Courts to treat the Board as a body politic.

The laws, as settled by the decisions of this Court, as applicable to the liability of municipal or *quasi* corporations, have no application to this Board, which has no existence as a body politic.

*Judgment affirmed.*

(Decided 23rd July, 1878.)